FILED

**NOT FOR PUBLICATION**

JAN 28 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL KORNHAUSER, | No. 13-73850 |
| Petitioner - Appellant, | Tax Ct. No. 2120-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Samuel Kornhauser, an attorney, appeals pro se from the Tax Court's

decision, after a bench trial, upholding the Commissioner of the Internal Revenue's

determination of income tax deficiencies and penalties for tax year 2008. We have

jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

legal conclusions, for clear error its factual findings, and for an abuse of discretion its evidentiary rulings. *Sparkman v. Comm'r*, 509 F.3d 1149, 1155-56 (9th Cir. 2007). We affirm.

The Tax Court did not clearly err in determining that Kornhauser failed to produce sufficient evidence to demonstrate his entitlement to deductions and loss carry back. *See id.*, 509 F.3d at 1159 (taxpayer bears burden of showing right to claimed deduction); *see also* 26 U.S.C. § 172 (net operating loss deductions); *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) ("The Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation."). Accordingly, the Tax Court properly sustained the determination of income tax deficiencies for the tax year 2008.

The Tax Court properly upheld the Commissioner's additions to taxes for Kornhauser's failure to file a required tax return in a timely manner and for his failure to pay estimated taxes for 2008. *See* 26 U.S.C. § 6651(a)(1) (providing for additions to tax where taxpayer fails, without reasonable cause, to timely file a tax return); *id.* § 6654(a) (imposing mandatory additions to tax for failing to pay estimated tax payments).

The Tax Court did not abuse its discretion in declining to admit into

evidence documents that Kornhauser provided to the Commissioner on the day of trial, in violation of the Tax Court's standing pretrial order. *See United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 n.5 (9th Cir. 1981) ("Exclusion by the trial court of contentions or evidence not listed in or disclosed in accordance with the pretrial order has been repeatedly upheld.").

**AFFIRMED**.